## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LAWRENCE LITTLE | : |
| Plaintiff | : |
| v | :   Civil Action No. WDQ-05-956 |
| DEREK ROBERTS and KATHLEEN GREEN | : |
| Defendants | : |

. . . . . . .o0o. . . . . . .

### **MEMORANDUM**

The above-captioned civil rights action was filed on April 6, 2005, along with a Motion to Proceed In Forma Pauperis.  Plaintiff has filed on two prior occasions,[1] while incarcerated, civil rights actions in this Court that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.

This complaint is identical in nature to the claims raised in *Little v. Kupec*, Civil Action No. WDQ-04-3813, which was dismissed as frivolous.  In that case this Court explained that,

> As an alleged crime victim, Plaintiff has no constitutional right to insist on a criminal prosecution.  *Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir.1988).  To the extent that there is some affirmative duty on the part of Division of Correction staff to report criminal activity, that duty confers no rights on Plaintiff.  Assuming that the assault against Plaintiff was reported to proper law enforcement authorities, that authority has no legal obligation to initiate a criminal prosecution based on that report.  In short, there is no cognizable federal claim presented in the complaint.

*Id*.  In the instant case Plaintiff again alleges that correctional officials are thwarting his efforts to bring criminal charges against his assailant.[2]  There has been no intervening change in the law; the claim still

---

[1] *See Little v. Kupec*, Civil Action No. WDQ-04-3813 and *Little v. Sacks*, Civil Action No. WDQ-05-957.

[2] A reading of both complaints demonstrates that Plaintiff has brought the assault to the attention of the police, but that the police and/or other authorities have declined to act, based on information

fails to state a cognizable federal claim.

Under the provisions of 28 U.S.C. § 1915(e)(2) a case "shall be dismissed at any time if the court determines that– (A) the allegation of poverty is untrue; or (B) the action or appeal– (i)is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  In deciding whether a complaint is frivolous "[t]he district court need not look beyond the complaint's allegations . . . .  It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F. 2d 721, 722-723 (4th Cir. 1989).  Trial courts, however, are granted broad discretion in determining whether a suit is frivolous or malicious.  The instant case fails to state a claim upon which relief may be granted and, by separate Order which follows, will be dismissed.

Under 28 U.S.C. §1915(g) Plaintiff will not be granted *in forma pauperis* status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury".  The instant case marks the third occasion that Plaintiff has filed a complaint that is subject to dismissal because it is frivolous.  Any future complaint filed by Plaintiff must be accompanied by the full $250.00 filing fee unless he can establish that he is under an imminent danger of serious physical injury.

A separate Order follows.

April 18, 2005                              _____/s/_____
Date                                        William D. Quarles, Jr.
                                            United States District Judge

---

concerning the incident contained in prison records.